IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAMIAN LIBUTTI,**

    **Plaintiff,**

**V.**                                                                         **Case No. 13cv01104  WJ/RHS**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

    **Defendant.**

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand to State Court, filed December 16, 2013 **(Doc. No. 10)**. Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is DENIED.

Plaintiff asks the Court to remand this action arising under the New Mexico Declaratory Judgment Act, NMSA 1978 §§ 44-6-1 through 15.  In this lawsuit, Plaintiff seeks a declaration that Defendant is liable under the parties' coverage agreement to compensate Plaintiff for damages resulting from Plaintiff's injuries when he was the victim of a drive-by shooting. Plaintiff asks the Court to remand this matter because he argues state court would be the "more appropriate forum" to hear this case.  Plaintiff does not allege that this Court lacks subject matter jurisdiction or that Defendant's removal of this matter is procedurally defective.  Plaintiff does not cite to any statute, rule, or case law that indicates an otherwise properly removed case *must* be remanded simply because state court is the better forum from the Plaintiff's viewpoint.

The two cases cited by Plaintiff, Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942) and Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995), are inapposite to the facts at hand, because in both cases the Supreme Court afforded district courts discretion in choosing to accept jurisdiction over cases involving the Federal Declaratory Judgment Act, not discretion to generally refuse to accept cases otherwise properly removed.  See Brillhart 316 U.S. at 494 ("Although the District Court had jurisdiction of the suit under the *Federal Declaratory Judgments Act, 28 U.S.C.A. s 400*, it was under no compulsion to exercise that jurisdiction.") (emphasis added); Wilton, 515 U.S. at 282 ("Brillhart makes clear that district courts possess discretion in determining whether and when to entertain an action under the *Declaratory Judgment Act*, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.") (emphasis added).  Further, both cases involved deference to a *pending* state court action.  See Brillhart, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious a federal court to proceed in a declaratory judgment suit where another suit is *pending in a state court presenting the same issues, not governed by federal law, between the same parties*." (emphasis added); Wilton, 515 U.S at 290 ("[W]e conclude [] that the District Court acted within its bounds in staying this action for declaratory relief where *parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court*." (emphasis added).

Here, there are no parallel proceedings pending in state court.  Notwithstanding Plaintiff's characterization of this difference as "inconsequential", there are a plethora of differences between concerns governing remand and those governing staying a case until the resolution of a pending parallel state matter.  Additionally, this matter does not arise under the Federal Declaratory Judgment Act, therefore the cases cited by Plaintiff do not establish that the Court has discretion regarding whether to exercise its jurisdiction.  Although the Court has

serious doubts that it has the discretion to remand a matter properly removed pursuant to diversity jurisdiction[1], to the extent that it does have such discretion, the Court declines to exercise it in this instance.  There are no pending parallel proceedings, removal was procedurally proper[2], and this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332(a), because complete diversity exists between the parties and the amount in controversy exceeds $75,000.  Accordingly, Plaintiff's Motion for Remand to State Court **(Doc. No. 10)** is denied.

    **SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

---

[1] See Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, n. 9 (1976) <u>overruled on other grounds by</u> Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15 (1996) ("[C]ases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute."); Ryan v. State Bd. of Elections of State of Ill., 661 F.2d 1130, 1133 (7th Cir. 1981) ("Remand of a suit after its removal to federal court is controlled by 28 U.S.C. s 1447(c).  No other statutory provision allows remand.").

[2] If there were any defects in the removal procedure, Plaintiff has waived any argument based upon procedural defects by not raising them in his Motion to Remand.  See Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1077 (10th Cir. 1999) ("A procedural defect [in removal] may be waived.").